**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **REMANO JAMOY CARTER**, | **CIVIL ACTION** |
| Petitioner, | |
| *v.* | **NO. 26-1617-KSM** |
| **WARDEN,** *Philadelphia Federal Detention Center, et al.,* | |
| Respondents. | |

**ORDER**

**AND NOW**, this 16th day of March, 2026, upon consideration of Petitioner Remano

Jamoy Carter's Petition for Writ of Habeas Corpus (Doc. No. 1), the Court finds as follows:

1.      Petitioner, a citizen of Jamaica, entered the United States on or about June 11,

2024 at or near the "Mexi-Cali Port of Entry/Border" and was inspected and paroled into the

United States pursuant pursuant to 8 U.S.C. § 1182(d)(5)[1] and INA § 212(d)(5).  (*Id.*)  Petitioner

was not placed into expedited removal proceedings at the time of his parole.  (*Id.*)  Instead, the

Department of Homeland Security ("DHS") permitted him to enter the United States under

parole and reside in the community pending further proceedings. (*Id.*)

---

[1] Although Petitioner alleges that he was inspected or paroled when he entered the United States, his Notice to Appear states otherwise. (*See* Doc. 1, Ex. A.)  Section 1182(d)(5)(A) authorizes DHS to "parole into the United States temporarily under such conditions as [it] may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States."  8 U.S.C. § 1182(d)(5)(A).  Such parole is "not to be regarded as an admission" of the noncitizen and once the "purposes of such parole" are served, the noncitizen must "return or be returned to the custody from which he was paroled," with the understanding that his "case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."  *Id*. This discretionary parole provision is the only exception to mandatory detention under § 1225(b). *Vazquez-Rosario*, 2026 WL 196505, at *4 ("With the exception of discretionary parole under Section 1182(d)(5)(A), 'there are no other circumstances under which aliens detained under Section 1225(b) may be released.'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018)) (alteration adopted)).

2.    On November 20, 2025, Petitioner was served with a Notice to Appear in Immigration Court on January 5, 2027, which charged him with having entered the United States without admission or parole in violation of INA § 212(a)(6)(A)(i).  (*See* Doc. 1, Ex. A.) Petitioner's removal proceedings remain pending as of the date of this Order.  (Doc. No. 1 at 10.) Since 2024, Petitioner has complied with all "DHS supervision" requirements.  (*Id.*)

3.    On March 11, 2026—almost two years after his entry into the United States— Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") during a routine "check-in" appointment with ICE officials at the Philadelphia Field Office.  (*Id*.)  He was initially detained at the Federal Detention Center ("FDC"), Philadelphia, before being transferred to the Moshannon Valley Processing Center,[2] where he is currently being held without the opportunity for a bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A).[3]  (*Id.*; Doc. No. 3 at 1.)

---

[2] While the Moshannon Valley Processing Center is located in the Western District of Pennsylvania, Petitioner was originally detained at the Philadelphia Federal Detention Center ("FDC") on March 11, 2026, two days before the instant petition was filed on March 13, 2026.  (*See* Doc. No. 1.)  As such, this Court has jurisdiction over the Petition even though Petitioner has now been moved outside the Eastern District of Pennsylvania.  *See Khalil v. President, United States*, 164 F.4th 259, 270–71 (3d Cir. 2026).

[3] Section 1225 "provides the procedure by which the Government may subject certain 'applicants for admission' to mandatory detention."  *Vazquez-Rosario v. Noem*, No. 25cv7427, 2026 WL 196505, at *3 (E.D. Pa. Jan. 26, 2026).  Section 1225(a)(1) explains that a noncitizen is deemed an "applicant for admission" if they are "present in the United States" and "have not been admitted or . . . arrived in the United States . . . whether or not at a designated port of arrival."  8 U.S.C. § 1225(a)(1).  Section 1225(b), in turn, "requires mandatory detention of two types of 'applicants for admission'": (1) those who qualify for expedited removal (i.e., removal from the United States without further hearing or review), and (2) those who are "seeking admission" but not "clearly and beyond a doubt entitled to be admitted." *Vazquez-Rosario*, 2026 WL 196505, at *3–4 (quoting 8 U.S.C. § 1225(b)(2)(A)).  Here, the Government relies on the latter category, not the former.  Under that provision, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending a removal proceeding.  8 U.S.C. § 1225(b)(2)(A).

Section 1226, by contrast, authorizes the detention of noncitizens "pending a decision on whether the alien is to be removed from the United States."  *Id.* § 1226(a).  But unlike a noncitizen detained under § 1225, a noncitizen detained under § 1226 may be released while they await a decision on removal.  *Id.* (granting the Attorney General discretion to either detain the noncitizen *or* to release the noncitizen on bond or conditional parole).  Immigration authorities are tasked with the "initial custody determination, after which the noncitizen may request a bond hearing before an immigration judge."  *Kashranov*, 2025 WL 3188399, at *1 (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)).  "At the hearing, the noncitizen 'may secure

4.      On March 13, 2026, Petitioner filed the instant Petition, in which he argues that habeas relief is warranted because his detention without a bond hearing pursuant to Section 1225(b)(2)(A) violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment.  (Doc. No. 1 at 10–13.)  The Government[4] opposes the Petition, arguing that the Court should deny habeas relief for the reasons argued in prior "legally and factually similar" cases before this Court.[5]  (Doc. No. 3 at 2.)  Specifically, the Government argues that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A), and the BIA's precedential decision in *Q. Li.*  (*Id.*)

5.      First, the Court has jurisdiction to consider the merits of the Petition.  (Doc. No. 3.)  As relevant here, 28 U.S.C. § 2241 authorizes federal district courts to grant writs of habeas corpus.  *See* 28 U.S.C. § 2241(c).  And although the INA limits the Court's jurisdiction over certain immigration matters, none of the provisions identified by the Government—8 U.S.C. § 1252(a), (b)(9), and (g)—strip the Court of jurisdiction in this case.  Section 1252(a)[6] does not

---

his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community.'"  *Id.* (quoting *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019)).  If released, the bond remains subject to revocation.  *See* 8 U.S.C. § 1226(b) (providing that the Attorney General may "at any time revoke" the noncitizen's "bond or parole . . . , rearrest the alien under the original warrant, and detain" them).

[4] Petitioner names four government officials as Respondents:  (1) Warden, Philadelphia Federal Detention Center; (2) David O'Neil, Acting Field Office Director, Philadelphia Field Office, Immigration and Customs Enforcement; (3) Kristi Noem, the former Secretary of DHS; and (4) Pam Bondi, United States Attorney General (collectively, the "Government").  (Doc. No. 1 at 1.)

[5] Here, the Government filed a letter response and "concedes that this matter is legally and factually similar to recent cases decided by this Court" and "incorporate[s] the arguments made in those cases into this letter brief." (Doc. No. 3 at 2.)  As such, this Order describes and discusses the Government's arguments that have been put forth in four recent cases before this Court.  *See Rodrigues Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025); *Hussain v. O'Neill*, No. 26-cv-35, 2026 WL 66891 (E.D. Pa. Jan. 8, 2026); *Kourouma v. Jamison*, 26-cv-182, 2026 WL 120208 (E.D. Pa. Jan. 15, 2026).

[6] Section 1252(a)(2)(B)(ii) states that "[n]otwithstanding any other provision of law . . . , including section 2241 of Title 28, or any other habeas corpus provision . . . , no court shall have jurisdiction to review . . . any . . . decision or action of the Attorney General . . . the authority for which is

strip the Court of jurisdiction because Petitioner is not challenging a *discretionary* decision. *See, e.g., Kashranov*, 2025 WL 3188399, at *4 (citing *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025). Section 1252(b)(9)[7] does not strip the Court of jurisdiction because the question before the Court—whether a bond hearing is required prior to detention—is "collateral to the removal process." *Cantu-Cortes*, 2025 WL 3171639, at *1; *see also, e.g., Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018) (plurality); *E.O.H.C. v. Secretary, U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 185–86 (3d Cir. 2020); *Khalil*, 164 F.4th at 278 (explaining that the plurality's "reading defines the proper scope of Section 1252(b)(9)").[8] And Section 1252(g)[9] does not strip the Court of jurisdiction because Petitioner is not challenging the Government's authority to *commence* or *adjudicate* his pending removal proceedings. *See Reno v. Am.-Arab Anti-*

___

specified under this subchapter to be in the discretion of the Attorney General . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii).

[7] Section 1252(b)(9) provides that "no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision" to review "questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States," unless review is sought of a final order. 8 U.S.C. § 1252(b)(9).

[8] The Third Circuit's opinion in *Khalil* does not change our conclusion. Unlike the challenge to detention in *Khalil*, Petitioner's challenge here is not "inextricably linked" to his removal proceedings. 164 F.4th at 274. Petitioner does not argue that his confinement is unlawful because the government's removal action is itself invalid. *Cf. id.* at 277 ("Though Khalil also challenges his detention, his arguments against it are identical to his arguments against removal."). Nor does Petitioner challenge the Government's broader authority to detain him pending a final decision on removal. Instead, he challenges the Government's authority to detain him *without a bond hearing*. This question is not "the very issue decided through the [petition for review ("PFR")] process," nor is it capable of review once the immigration courts issue a final order on removal. *See id.* at 276 (distinguishing two cases that "challenged only the length of confinement without a bond hearing, a claim that does not get channeled into the PFR review process"); *cf. id.* ("Because the arguments Khalil has offered to challenge the detention necessarily challenge the government's decision to commence removal proceedings, the PFR court will be able to review those legal questions once the Board enters a final order of removal." (quotation marks omitted)).

[9] Section 1252(g) states that "notwithstanding any other provision of law . . . ., including section 2241 of Title 28, or any other habeas corpus provision . . . , no court shall have jurisdiction to hear any clause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

*Discrimination Committee*, 525 U.S. 471, 482 (1999); *see also, e.g.*, *Demirel*, 2025 WL

3218243, at *3; *Kashranov*, 2025 WL 3188399, at *3; *Cantu-Cortes*, 2025 WL 3171639, at *1.

6.      Second, Petitioner is not required to exhaust his administrative remedies because

exhaustion would be futile.  *See Lyons v. U.S. Marshals*, 840 F.3d 202, 205 (3d Cir. 1988).  On

September 5, 2025, the Board of Immigration Appeals ("BIA"), the appellate body of the

immigration courts, issued a precedential decision adopting a broad reading of 8 U.S.C.

§ 1225(b)(2) and holding that an immigration judge has no authority to consider a bond request

from any individual who entered the United States without admission.  *See In re Yajure Hurtado*,

29 I & N Dec. 216 (BIA 2025).  Because immigration judges are bound by the BIA's holding in

*Yajure Hurtado*—and therefore, *must* deny requests for bond hearings from detainees like

Petitioner—it would be futile for Petitioner to request a bond hearing before an immigration

judge and appeal the inevitable denial to the BIA before seeking review in federal court.[10]

Accordingly, this Court joins the overwhelming number of courts who have waived the

exhaustion requirement in identical circumstances.  *See, e.g.*, *Demirel*, 2025 WL 3218243, at *4;

*Kashranov*, 2025 WL 3188399, at *4; *Cantu-Cortes*, 2025 WL 3171639, at *1.

7.      Third, the Court finds that Petitioner is detained pursuant to 8 U.S.C. § 1226(a),

not § 1225(b)(2), and therefore, the Government's refusal to provide a bond hearing violates the

INA and due process.  *Murodov*, 2026 WL 413440, at *3.  When an applicant for admission is

apprehended after being present in the United States for many months, like Petitioner here, they

are not "actively 'seeking admission'" at the time of their arrest, so Section 1225(b)(2) does not

---

[10] The Government's citation (*see* Doc. No. 3 at 2) to the BIA's decision in *In re Q Li*, 29 I & N Dec. 66 (BIA 2025) fares no better.  *In re Q Li* involved a noncitizen who was placed directly in regular removal proceedings before being paroled.  *Id.* at 70–71.  The BIA found that when her parole terminated, the statute required that she be returned to the same custody status she had at the time of her initial parole—detention pursuant to § 1225(b)(2).  *Id.*  The Government has not argued Petitioner's parole has been terminated, so—to the extent it would be applicable—*In re Q Li* is factually inapposite.

govern their detention.  *Demirel*, 2025 WL 3218243, at *4; *see also, e.g.*, *Kashranov*, 2025 WL 3188399, at *6; *Cantu-Cortes*, 2025 WL 3171639, at *2.  Instead, their detention is governed by Section 1226, which "grants the Attorney General discretion to detain or release a noncitizen on bond while removal proceedings are pending."  *Kashranov*, 2025 WL 3188399, at *5.[11]  Courts have held that the right to a bond hearing is not merely statutory, but constitutional:  "When the Government detains an alien under Section 1226, the alien has due process rights, including a right to an individualized detention and a bond hearing."  *Kashranov*, 2025 WL 3188399, at *5; *see also, e.g.*, *Patel v. McShane*, No. 25cv5975, 2025 WL 3241212, at *2 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. 25cv6007, 2025 WL 3229307, at *1 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes*, 2025 WL 3171639, at *2.  Because ICE's mandatory detention of Petitioner without a bond hearing violates the INA and the Due Process Clause of the Fifth Amendment, habeas relief is warranted.  28 U.S.C. § 2241(c)(1), (3); *see also, e.g.*, *Kashranov*, 2025 WL 3188399, at *8.

For those reasons, it is **ORDERED** that the Petition is **GRANTED** as follows:

1.    Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

---

[11] As the Government's letter brief acknowledges (Doc. No. 3 at 2), this Court has previously held the Fifth Circuit's February opinion in *Buenrostro-Mendez v. Bondi* does not change the Court's interpretation of the relevant statutory language.  No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  As a preliminary matter, decisions of the Fifth Circuit are not binding on this Court, and are, at most, persuasive authority.  *See United States v. Maury*, 695 F.3d 227, 259 n.27 (3d Cir. 2012) ("Of course, the decisions of other circuits, while persuasive, are not binding on the district courts in this Circuit.").  And, as the Court explained in *Vimos v. Federal Detention Center Philadelphia*, we are not persuaded by the Fifth Circuit's reasoning in that case.  *See* No. 26-cv-780, 2026 WL 381173, at *5 n.12 (E.D. Pa. Feb. 11, 2026); *see also, e.g.*, *Olimov v. Jamison*, 26-cv-532, 2026 WL 596155, at *3–4 (E.D. Pa. Mar. 3, 2026).  Instead, the Court reaffirms its prior holdings that Section 1226 governs the detention of undocumented immigrants who are present in the United States and not **actively** seeking admission.

2.      The Government shall **RELEASE** Petitioner from custody **immediately**. Counsel shall certify compliance with this Order by filing on the docket no later than **12:00 p.m. EST on March 17, 2026.**

3.      The Government is temporarily enjoined from re-detaining Petitioner for seven days following his release from custody.

4.      If the Government pursues re-detention of Petitioner after that seven-day period, it must first provide him with a bond hearing, at which an immigration judge shall determine whether detention is warranted pending the resolution of Petitioner's removal proceedings. Pending that bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as the proposed destination. The Court will then determine whether to grant the request and permit transfer.

5.      The Clerk of Court shall mark this matter **CLOSED** upon receipt of the certification of the Government's Counsel discussed above.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

_____
KAREN SPENCER MARSTON, J.